UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHE WADE, | Index No.: |
| Plaintiff, | |
| – against – | **COMPLAINT** |
| CITY OF NEW YORK, ORLEN ZAMBRANO, MICHAEL WEBER, and MICHAEL PARKS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Che Wade, by his attorney, Mark A. Marino, PC, for his Complaint against Defendants City of New York, Orlen Zambrano, Michael Weber, and Michael Parks, alleges as follows, upon personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1. On November 17, 2012, Plaintiff Che Wade ("Plaintiff") was falsely arrested by Defendant Orlen Zambrano, right in front of Defendant Michael Parks and Defendant Michael Weber, neither of whom intervened to protect Plaintiff (although they had ample opportunity to do so). During the arrest, Defendant Orlen Zambrano jerked Plaintiff's wrist back and punched him in the testicles three times (while handcuffed) – again, right in front of Defendant Michael Parks and Defendant Michael Weber, neither of whom intervened to protect Plaintiff (although they had ample opportunity to do so).

2. Plaintiff brings claims against the individual defendants for various violations of his civil rights pursuant to federal law, including false arrest, use of excessive force, and failure to intervene. As a result of the incidents set forth above and further detailed below, Plaintiff sustained serious injuries, including, but not limited to, physical injuries, loss of freedom/time in confinement, psychological injuries, and past and future medical expenses, among other things.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the instant action, pursuant to 28 U.S.C. §§ 1331 and 1343, as this is a civil action asserting claims under the federal civil rights laws.

4. Venue is proper, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred within this District and one or more of Defendant(s) reside in this District (and all Defendants reside in the State of New York).

## PARTIES

5. Plaintiff Che Wade ("Plaintiff") was, at the time of the incidents giving rise to this action, a resident of Kings County, State of New York.

6. Defendant City of New York is, and was at the time of the incidents giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. Defendant City of New York has contacts within this District which would be sufficient to subject it to personal jurisdiction if the District were a separate state.

7. Defendant Orlen Zambrano is, and was at the time of the incidents giving rise to this action, a detective employed by the New York City Police Department (the "NYPD") and working in the Narcotics Bureau (Queens North) with Shield No. 2727 – and thus employed by Defendant City of New York ("Zambrano").

8. Upon information and belief, Defendant Zambrano was Plaintiff's arresting officer.

9. At the time of the incidents giving rise to this action, Defendant Zambrano was acting within the scope of employment.

10. At the time of the incidents giving rise to this action, Defendant Zambrano was acting under color of state law.

11. Defendant Michael Weber is, and was at the time of the incidents giving rise to this action, a detective or sergeant employed by the NYPD and working in the Narcotics Bureau (Brooklyn North) with Shield No. 4578 – and thus employed by Defendant City of New York ("Weber").

12. At the time of the incidents giving rise to this action, Defendant Weber was acting within the scope of employment.

13. At the time of the incidents giving rise to this action, Defendant Weber was acting under color of state law.

14. Defendant Michael Parks is, and was at the time of the incidents giving rise to this action, a detective employed by the NYPD and working in the Narcotics Bureau (Brooklyn North) with Shield No. 1790 – and thus employed by Defendant City of New York ("Parks").

15. At the time of the incidents giving rise to this action, Defendant Parks was acting within the scope of employment.

16. At the time of the incidents giving rise to this action, Defendant Parks was acting under color of state law.

17. Defendant Zambrano, Defendant Weber, and Defendant Parks, are referred to herein, collectively, as the "Individual Defendants."

18. Defendant City of New York, Defendant Zambrano, Defendant Weber, and Defendant Parks are referred to herein, collectively, as "Defendants."

## FACTUAL ALLEGATIONS

19. On November 17, 2012, Defendant Zambrano and one of the other Individual Defendants, both in plainclothes, approached and stopped Plaintiff at or about the corner of Quincy Street and Nostrand Avenue in Kings County.

20. Defendant Zambrano grabbed Plaintiff and dragged him up against a car while snapping and jerking his right wrist back. One of the other Individual Defendants handcuffed Plaintiff.

21. Defendant Zambrano began to search Plaintiff while still jamming and bending his wrist back.

22. Plaintiff did not resist arrest at any time.

23. Plaintiff did not attempt to flee at any time.

24. Plaintiff did not injure any of the Individual Defendants during the arrest.

25. Plaintiff did not attempt to injure any of the Individual Defendants during the arrest.

26. Plaintiff was not a threat to any of the Individual Defendants during the arrest.

27. Plaintiff did not injure any citizens during the arrest.

28. Plaintiff did not attempt to injure any citizens during the arrest.

29. Plaintiff was not a threat to any citizens during the arrest.

30. After Plaintiff verbally protested the arrest, Defendant Zambrano swung his arm back and brought the open palm of his hand up from under (and between) Plaintiff's legs and slammed it into Plaintiff's testicles three times with full force.

31. Defendant Zambrano had continuously jammed Plaintiff's wrist while hitting him three times in the testicles.

32. After getting hit in the testicles three times, Plaintiff got dizzy and fell onto the car, breaking the passenger-side mirror with his chest.

33. Plaintiff was on the ground, still handcuffed, at this time.

34. Plaintiff, who is a production assistant, had a legal knife in his pocket (which was confiscated by one of the Individual Defendants).

35. The Individual Defendants knew the knife was legal.

36. The Individual Defendants were deliberately indifferent to whether the knife was legal.

37. One or more of the Individual Defendants put Plaintiff into a paddy wagon.

38. A police officer eventually came into the paddy wagon and told the Individual Defendants that Plaintiff did not fit the profile of the man for whom the Individual Defendants were looking.

39. Plaintiff was nevertheless taken to the 79th Precinct, where he was fingerprinted and photographed even though he did not fit the profile of the man for whom the Individual Defendants were looking.

40. A police officer eventually took Plaintiff to the hospital, where he complained about injuries to his wrist, chest, and testicles.

41. Plaintiff's feeling in his testicles alternated between numbness, tingling, sharp pain, and excruciating dull pain for days after the arrest.

42. Plaintiff still has frequent numbness in his right hand and fingers.

43. Plaintiff suffers from anxiety and has panic attacks since the incidents giving rise to this action.

44. Plaintiff was in custody for two days before seeing a judge.

45. Plaintiff was charged with criminal possession of a weapon based upon the affidavit written by Defendant Zambrano.

46. Plaintiff was charged with resisting arrest based upon the affidavit written by Defendant Zambrano.

47. The district attorney's office dropped all charges against Plaintiff.

48. On November 12, 2015, Plaintiff filed a stipulation to discontinue the aforementioned action in Kings County Supreme Court, expressly stating his "inten[tion] to refile the asserted causes of action, among others, in the United States District Court for the Eastern District of New York."

## DEMAND FOR JURY TRIAL

49. Plaintiff demands a trial by jury.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
### As Against Defendant Zambrano

50. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Under the Constitution of the United States of America and 42 U.S.C. 1983, Plaintiff has the right to be free from unreasonable and illegal searches and seizures, including a false arrest.

52. One or more of the Individual Defendants, including, but not limited to, Defendant Zambrano, violated Plaintiff's rights when he/they intentionally arrested and confined Plaintiff, who was conscious at the time, without consent, justification, or other privilege.

53. The actions of one or more of the Individual Defendants, including, but not limited to, Defendant Zambrano, caused injuries to Plaintiff, including a loss of freedom and physical and psychological injuries, among other things.

54. One or more of the Individual Defendants, including, but not limited to, Defendant Zambrano, took the aforementioned actions against Plaintiff during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

55. One or more of the Individual Defendants, including, but not limited to, Defendant Zambrano, was acting under color of state law at all times during the incidents giving rise to this action.

56. The actions taken by one or more of the Individual Defendants, including, but not limited to, Defendant Zambrano, against Plaintiff were willful, wanton, reckless, and/or malicious, and thus entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – USE OF EXCESSIVE FORCE
### As Against Defendant Zambrano

57. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. Plaintiff has the right, pursuant to the United States Constitution and the Fourth and Fourteenth Amendments thereto, to be free from brutal police conduct and the application of undue or excessive force during the course of an arrest (and after the arrest) by those acting under color of state law.

59. Defendant Zambrano violated Plaintiff's constitutional rights when he jerked Plaintiff's wrist back and punched Plaintiff in the testicles three times while Plaintiff was handcuffed, among other things.

60. The actions of Defendant Zambrano caused injuries to Plaintiff, including a loss of freedom and physical and psychological injuries, among other things.

61. Defendant Zambrano was acting under color of state law at all times during the incidents giving rise to this action.

62. The actions taken by Defendant Zambrano against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – FAILURE TO INTERVENE
### As Against the Individual Defendants

63. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 62, inclusive, as though fully set forth herein.

64. Under the Constitution of the United States of America and 42 U.S.C. 1983, police officers (and other state actors) have an affirmative duty to protect the constitutional rights of citizens by intervening when other police officers (and other state actors) commit constitutional violations in their presence.

65. One or more of the Individual Defendants violated Plaintiff's constitutional rights when, in his/their presence, one or more of the remaining the Individual Defendants falsely arrested Plaintiff, yet did not intervene to protect Plaintiff.

66. One or more of the Individual Defendants violated Plaintiff's constitutional rights when, in his/their presence, one or more of the remaining the Individual Defendants used excessive force against Plaintiff, yet did not intervene to protect Plaintiff.

67. The Individual Defendants' (in)actions caused Plaintiff to sustain the injuries, including a loss of freedom and physical and psychological injuries, among other things.

68. The Individual Defendants took the aforementioned (in)actions against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

69. The (in)actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – MUNICIPAL LIABILITY
### As Against Defendant City of New York

70. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 69, inclusive, as though fully set forth herein.

71. The members of the NYPD have a policy of physically abusing arrestees who speak out about the way they are being frisked.

72. The members of the NYPD have a policy of arresting anyone found carrying a knife with no regard for whether the knife is legal.

73. The members of the NYPD have a policy of suggesting charges of resisting arrest to the district attorney every time an arrestee speaks out about the way he or she is arrested, regardless of whether the citizen actually resisted being arrested.

74. The aforementioned policies and procedures, written and/or so widely established so as to have the effect of written policy, adopted by Defendant City of New York, in existence at the time of the incidents giving rise to this action, violated federal law on their face or were intended to deprive citizens of their constitutional rights.

75. Defendant City of New York has shown a deliberate indifference towards citizens with respect to the foregoing unconstitutional policies.

76. The actions of the Individual Defendants resulted from, and were taken pursuant to, the above-mentioned *de facto* policies and/or well-settled and widespread customs and practices of Defendant City of New York, which are implemented by members of the NYPD.

77. Plaintiff sustained injuries as a result of Defendant City of New York's unconstitutional policies.

78. Defendant City of New York is liable and responsible for all injuries resulting from its deliberate indifference to these unconstitutional practices.

**WHEREFORE**, Plaintiff Che Wade respectfully requests that this Court enter Judgment in his favor and against Defendants as follows:

a. compensatory and punitive damages as against Defendants, jointly and severally, in an amount to be determined at trial;

b. attorney's fees incurred during this action, pursuant to 42 U.S.C. 1988 or otherwise, the determination of which lies within the sound discretion of the Court;

c. costs and expert fees incurred during this action, pursuant to 42 U.S.C. 1988, the determination of which lies within the sound discretion of the Court; and

d. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
November 13, 2015

Respectfully submitted,

MARK A. MARINO, PC

   /s Mark Marino
Mark A. Marino (MM0676)
*Attorney for Plaintiff Che Wade*
380 Lexington Avenue, 17th Floor
New York, New York 10168
Tel:   212.748.9552
Fax:   646.219.5350