```
UNITED STATES DISTRICT COURT          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 CHE WADE,                             :
                        Plaintiff,     :
                                       :      **MEMORANDUM DECISION &**
             - against -               :      **ORDER**
                                       :
 CITY OF NEW YORK, ORLEN ZAMBRANO;     :      15-cv-6542 (BMC)
 MICHAEL WEBER; and MICHAEL PARKS,     :
                                       :
                        Defendants.    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action pursuant to 42 U.S.C. § 1983, asserting claims of, *inter alia*, false arrest and excessive force against the New York City police officers who effected his arrest and allegedly punched plaintiff in the testicles three times when he verbally protested his arrest. After discovery was completed, the Court held a Pretrial Conference and scheduled trial to commence on May 1, 2017. On April 17, 2017, when defendants advised the Court that the parties had reached a settlement agreement, the Court dismissed this case, subject to reinstatement at the request of any party within 30 days.

Before the expiration of the 30-day time period for reinstatement, defendants moved to enforce the settlement agreement claiming that plaintiff had refused to sign the agreement and contested that a binding settlement agreement had been reached because he did not agree to it in writing. I denied defendants' motion as unnecessary because the case had already been dismissed and, at that time, no party had moved to reinstate it.

At the eleventh hour, only after I had denied defendants' motion to enforce the settlement agreement, plaintiff moved to reinstate this case stating that "I do not agree to any settlement offered from [defense counsel]." Because plaintiff filed his motion within the requisite time period, the Court vacated its Order dismissing this action, reinstated both this action and defendants' motion to enforce the settlement agreement, and directed defendants and plaintiff to

submit any evidentiary support for their contentions as to whether a binding settlement agreement was reached.

Defense counsel filed a declaration attesting to the following: (1) during a telephone conversation on April 14, 2017, the parties reached a settlement agreement for a lump sum payment of $12,000 to which plaintiff unequivocally agreed; (2) during that conversation, defense counsel informed plaintiff that he would send plaintiff an email confirming their agreement and plaintiff should also confirm the settlement agreement by responding to the email; (3) after the conversation defense counsel emailed plaintiff and also mailed settlement paperwork to plaintiff's address; and (4) plaintiff never responded to defense counsel's email, and several days later informed defense counsel that he did not believe that a settlement had been reached. Plaintiff failed to provide evidence in support of his contention that he did not agree to a binding settlement offered by defense counsel.

For the reasons given below, defendants' motion is denied.

## DISCUSSION

"[A] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). "A party seeking to enforce a purported settlement agreement has the burden of demonstrating that the parties actually entered such an agreement." Min v. Target Stores, 553 F. Supp. 2d 218, 221 (E.D.N.Y. 2008) (internal quotation marks and alterations omitted); see also Dreyfuss v. Etelecare Global Sols.-U.S. Inc., 349 F. App'x 551, 555 (2d Cir. 2009) (explaining that a party seeking to enforce a contract must prove that the contract exists). A settlement agreement, like any contract, is only binding if there is "an offer, acceptance, consideration, mutual assent, and intent to be bound." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004).

According to defendants, plaintiff orally agreed to settle the case for a specified amount, but later contested that a binding agreement had been reached because he never confirmed the agreement in writing. Although plaintiff's position is far from clear, plaintiff's only submission to the Court regarding the settlement agreement seems to support this rendition of events. In his motion to reopen the case, plaintiff stated that he "do[es] not agree" to any settlement offered by defense counsel, not that he had never orally agreed to settle the case. Moreover, plaintiff did not dispute that the oral agreement contemplated settlement of the case in exchange for a lump-sum payment. Therefore, for purposes of this motion, the Court will therefore assume that plaintiff orally consented to a settlement agreement on the terms alleged by defendants, but now wishes to revoke such consent.

It is an open question in the Second Circuit "whether the enforceability of a settlement agreement in a federal action [is] to be determined under state or federal law." Silas v. City of New York, 536 F. Supp. 2d 353, 355 (S.D.N.Y. 2008), (citing Monaghan v. SZS 33 Associates, L.P., 73 F.3d 1276, 1283 n. 3 (2d Cir. 1996)); see also Doe v. Kogut, No. 15-CV-07726, at *4 (S.D.N.Y. April 6, 2017). The Court need not resolve this issue as the oral settlement agreement is unenforceable under both federal and New York law. In general, the parties' intent as "manifested by their express words and deeds at the time" controls whether the court may enforce an oral agreement without a fully executed written document. Walker v. City of New York, No. 05-CV-0004, 2006 WL 1662702, at *6 (E.D.N.Y. June 15, 2006) (internal quotations and citations omitted).

Under federal law, the court applies the four-factor test articulated in Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1985), to determine whether the parties intended to be bound by an oral settlement agreement. The court assesses "(1) whether there has been express reservation of the right not to be bound in the absence of writing; (2) whether there

3

has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and, (4) whether the agreement at issue is the type of contract that is usually committed to writing. Id.; see also Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 323 (2d Cir. 1997). None of the four factors is dispositive. Kaczmarcysk v. Dutton, 414 F. App'x 354, 355 (2d Cir. 2011) (citing Ciaramella, 131 F.3d at 324).

Here, the first Winston factor neither weighs in favor nor against enforcement of the settlement agreement. Defense counsel claims that plaintiff "unequivocally" agreed to settlement, but admits that plaintiff claims he did not believe that the settlement agreement was binding because he never confirmed in writing. In light of plaintiff's *pro se* status and the special deference afforded to such litigants, and the absence of a recording of the telephone call or any evidence as to the exact words that were said that would enable the Court to independently determine whether plaintiff reserved a right not to be bound, the Court rejects defense counsel's conclusory allegation that plaintiff orally agreed to be bound in absence of a writing.

The second Winston factor weighs against enforcement of the oral settlement agreement as neither side has partially performed their obligations under the agreement. Defendants have not remitted the lump-sum payment owed to plaintiff under the agreement nor has plaintiff taken any action in furtherance of the agreement. The fact that defendants filed a notice of settlement on the docket for this action does not support enforcement because the dismissal of the action was to their benefit. Similarly, the fact that defendants emailed plaintiff to confirm the agreement and mailed plaintiff the settlement papers does not support partial performance because those are not among the alleged terms of the settlement agreement.

The third Winston factor, whether all of the terms of the alleged contract have been agreed upon, is the only factor that weighs in favor of enforcing the settlement. The only alleged

terms of the agreement is that the case will be settled for one lump sum payment of $12,000. Defense counsel, in his affidavit, attests that plaintiff orally agreed to settle the action for that amount and plaintiff, despite being afforded the opportunity, has not submitted anything to the Court contesting those terms. Moreover, defense counsel's email to plaintiff confirming the parties' oral agreement only mentioned those terms.

Finally, the fourth Winston factor, whether the settlement agreement is of the type that is usually committed to a writing, weighs against enforcement. I agree with defendants that there is nothing complex about the lump-sum payment agreement in this case, but, as they admit in their memorandum in support of their motion, "most settlement agreements involving the City are written." Although defense counsel argues that there was no reason to follow that tradition in this case because the agreement was so simple, the Winston factor looks only to ordinary practice, and the ordinary practice is that settlement agreements like this one are written. I thus find that the Winston factors weigh against enforcement of the settlement agreement under federal law.

In addition to meeting the standard for enforcement as stated in Winston, for a settlement agreement to be enforceable under New York, the agreement must also "meet the New York statutory requirements for agreements related to litigation." Silas, 536 F. Supp. 2d at 358; see also Rivera v. State, 496 N.Y.S.2d 230 (1st Dep't 1985). Under § 2104 of the C.P.L.R.

> [a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.

The oral settlement agreement in this case is clearly unenforceable under § 2104 as it was neither entered into in open court, nor ordered and entered by the Court.

5

Significantly, defendants have not identified, nor have I found, a single case where an oral settlement agreement reached outside the presence of a judge or mediator was enforced against a *pro se* plaintiff. In Silas, 536 F. Supp. 2d at 355, the Court even refused to enforce an oral settlement agreement against a *pro se* plaintiff where the agreement was reached during an off-the-record telephone settlement conference before the magistrate judge. Accordingly, I decline to enforce the oral settlement agreement against plaintiff in this case.

## **CONCLUSION**

Defendants' motion to enforce the settlement agreement is denied. By separate Order, the trial date will be reset.

**SO ORDERED.**

Dated: Brooklyn, New York  
June 29, 2017

U.S.D.J.